E-FILED
Thursday, 16 July, 2026  04:02:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEREK K. CULVER, SR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Case No. 25-3291 |
| | ) | |
| LATOYA HUGHES *et al.*, | ) | |
|     Defendants. | ) | |

<u>ORDER</u>

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed by Plaintiff Derek K. Culver, Senior, an inmate at Graham Correctional Center ("Graham"). Plaintiff has also filed Motions for Counsel (Doc. 4) and Status (Docs. 8, 9).

I.      Complaint

A. Screening Standard

Plaintiff's Complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the pleading and identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in his favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that

is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff names Physician Assistant Timothy Adesanya, Nurse Practitioner Lindsay Boehm, former Graham Warden Steven Campbell, Director of Nursing Lucas Emerick, Illinois Department of Corrections ("IDOC") Director Latoya Hughes, John and Jane Healthcare Unit Nursing Staff Members, IDOC, and Wexford Health Sources, Incorporated ("Wexford") as Defendants.

Plaintiff's factual account outlines his attempts to receive medical care for his pulmonary condition, which causes him difficulty breathing. Plaintiff claims that he has explained his breathing difficulties to Defendants Adesanya, Boehm, and unidentified members of the nursing staff multiple times to no avail. (Doc. 1 at 6-7.)

**C. Analysis**

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective component, a plaintiff must demonstrate that his medical condition is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of

mind." *Id.* In the medical care context, a "deliberate indifference" standard is used. *Estelle*, 429 U.S. at 104. A plaintiff may establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Treatment decisions made by medical professionals are presumptively valid. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998). "A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998)). Thus, to be deliberately indifferent, a medical professional's decision must be "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)).

Plaintiff's account is sufficient to state an Eighth Amendment deliberate indifference claim against Defendants Adesanya, Boehm, and John and Jane Doe Nursing Staff Members. However, Plaintiff does not state plausible claims against the remaining Defendants.

Defendant Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a

governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Plaintiff does not allege facts that establish or permit the Court to infer an official policy or custom under any of the three conditions mentioned above. Thus, Plaintiff fails to state a *Monell* claim against Wexford. Plaintiff also does not state a plausible claim against IDOC. A building, such as a jail or correctional facility, cannot be sued under § 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

"For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *see also Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) ("[I]n order to hold an individual defendant liable under § 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that violation."). "The personal-involvement requirement is

satisfied if the constitutional violation occurs at a defendant's direction or with her knowledge or consent." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *see also Estate of Perry v. Wenzel*, 872 F.3d 439, 452 (7th Cir. 2017) ("To establish [a] § 1983 claim, [the plaintiff] must demonstrate that the *individual* defendants: (1) acted under the color of state law; and (2) deprived him of a constitutional right.") (emphasis added).

Although Plaintiff identifies Defendants Campbell, Emerick, and Hughes, he does not provide any facts that state a plausible constitutional deprivation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

The Court infers that Plaintiff's rationale for suing Defendants Campbell, Emerick, and Hughes is based on their respective supervisory responsibilities, which cannot impose § 1983 liability. *See Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) ("The doctrine of respondeat superior cannot be used to impose § 1983 liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that because vicarious liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) ("To show personal involvement, the supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." (internal quotation marks omitted)). Therefore, Plaintiff fails to state a plausible claim against Campbell, Emerick, and Hughes.

II.     Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court concludes that the recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase. After Defendants have been served and have filed their answers to Plaintiff's complaint, which usually takes sixty days, the Court will enter a scheduling order that provides guidance and deadlines to assist Plaintiff during the discovery process. Therefore, the Court denies Plaintiff's Motions for Counsel (Doc. 4), with leave to renew on a more developed record.

Plaintiff's Motions for Status (Docs. 8, 9) are moot given the Court's Order.

**IT IS THEREFORE ORDERED:**

1)     **Plaintiff's Motion for Counsel (Doc. 4) is DENIED.**

2)     **Plaintiff's Motions for Status (Docs. 8, 9) are MOOT.**

3) According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Adesanya, Boehm, and John and Jane Doe Nursing Staff Members. Plaintiff's claim proceeds in Defendants' respective individual capacities only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

4) The Clerk of the Court is DIRECTED to terminate Steven Campbell, Lucas Emerick, Latoya Hughes, IDOC, and Wexford as Defendants.

5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6) The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) If a Defendant no longer works at the address provided by Plaintiff, the entity where that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendants shall file their respective Answers within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

9) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does

not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

10) The Court grants Defendants' counsel leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

12) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

13) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

14) The Court directs the Clerk to attempt service on Defendant under the standard procedures.

ENTERED July 16, 2026.


s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE